**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL ROSS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Case No.** |
| **vs.** | ) |
| **FIRST FINANCIAL CORPORATE** | ) **Trial by Jury Demanded** |
| **SERVICES, INC., a California corporation,** | ) |
| **THOMAS SLEVIN and RICHARD** | ) |
| **STEBBINS,** | ) |
| **Defendants.** | ) |

**COMPLAINT AT LAW**
**FOR DAMAGES AND DECLARATORY RELIEF**

Plaintiff, MICHAEL ROSS, by and through his attorneys, Rieck and Crotty, P.C.,

As and for his Compliant at Law for Damages and Declaratory Relief against Defendants,

FIRST FINANCIAL CORPORATE SERVICES, INC., a California corporation,

THOMAS SLEVIN and RICHARD STEBBINS, and states as follows:

**PARTIES**

1.      Plaintiff is a resident of Elmhurst, Illinois, which is within this District.

2.      Defendant, FIRST FINANCIAL CORPORATE SERVICES, INC.,

headquartered in Placentia, Orange County, California.

3.      Defendant THOMAS SLEVIN is an officer, agent and director of Defendant

FIRST FINANCIAL CORPORATE SERVICES, INC. and a resident of San Francisco,

California.

4.      Defendant RICHARD STEBBINS is an officer, agent and director of

Defendant FIRST FINANCIAL CORPORATE SERVICES, INC. and a resident of Fullerton

California.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in this Court under 28 U.S.C. 1391(a)(2). Defendant maintains offices in this District, and the actions giving rise to these causes of action occurred within this District.

## FACTS COMMON TO ALL COUNTS

3.      Plaintiff, MICHAEL ROSS, was employed by Defendant as a sales person.

4.      On March 16, 2010, Plaintiff and Defendant, FIRST FINANCIAL CORPORATE SERVICES, INC., executed a Sales Employee Agreement pursuant to which Plaintiff would be paid commissions for transactions generated by Plaintiff for sales of Defendant's financial services to Defendant's Clients throughout the United States.

5.      From March 16, 2010, January 26, 2018, Plaintiff's date of resignation, Plaintiff generated millions of dollars in sales of Defendant's financial services to Defendant's Clients throughout the United States.

6.      From March 16, 2010, through January 1, 2017, Defendant paid commissions to Plaintiff in accord with the Sales Employee Agreement under annual Commission Plans announced from year to year by Defendant prior to 2017, for new lease originations in each of such prior years.

7.      On February 14, 2017, Defendant announced a new Commission Plan which included an annual threshold of $7 million of fair market value lease sales by Plaintiff of Defendant's financial services to Defendant's Clients throughout the United States and imposed a commission hold back and forfeiture penalty of 42.85% on commissions Plaintiff earned

prior to Defendant's announcement. Plaintiff was advised if he did not sign the 2017 Commission Plan, he would no longer be paid commissions.

8. Defendant neither offered nor supplied any consideration to Plaintiff for this reduction in Defendant's new Commission Plan or the elimination of Plaintiff's rights under prior years' annual Commission Plans.

9. From January 1, 2017, through January 26, 2018, Plaintiff's date of resignation, and to the filing of this Complaint, Defendant wrongfully withheld and continues to wrongfully withhold, commissions totaling $343,933.69 due to Plaintiff on millions of dollars of sales by Plaintiff of Defendant's financial services to Defendant's Clients throughout the United States that Plaintiff generated prior to Defendant's institution of the 2017 Commission Plan.

10. Defendant has failed and refused to pay to Plaintiff the commissions which he has earned, despite his repeated demands for payment of those commissions.

11. Defendant has failed and refused to pay to Plaintiff the commissions he earned although said payments are long overdue.

## COUNT I
## BREACH OF CONTRACT AGAINST FIRST FINANCIAL CORPORATE SERVICES, INC.

Count I of his Complaint against Defendant, Plaintiff alleges:

12. Plaintiff realleges Paragraphs 1 through 11 above which are hereby incorporated by reference.

13. Defendant's refusals to pay Plaintiff the commissions due Plaintiff is a material breach of its Sales Employee Agreement with Plaintiff.

14. As a result of Defendant's breach of those contracts, Plaintiff has been damaged in the sum of $343,933.69.

15.     Plaintiff is entitled to interest on the unpaid commissions pursuant to the provisions of the Illinois Wage Payment and Collection Act.  815 ILCS 205/2.

WHEREFORE, Plaintiff MICHAEL ROSS demands judgment against Defendant FIRST FINANCIAL CORPORATE SERVICES, INC., in the amount of $343,933.69 plus interest until paid and his costs of suit herein.

**COUNT II**
**AGAINST ALL DEFENDANTS**
**VIOLATIONS OF WAGE PAYMENT AND COLLECTION LAWS**

16.     Plaintiff repeats and realleges paragraphs 1 through 15 of Count I as paragraphs 1 through 15 of this Count II against all Defendants.

17.     In failing to make timely payment to Plaintiff on a monthly basis for the commissions he had earned Defendants have violated the provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 1 5/3 and 115/4.

18.     The Illinois Wage Payment and Collect Act requires that commissions earned by employees be paid no less often than monthly. 820 ILCS 115/3.

19.     Defendants have failed and refused to pay current commissions earned by Plaintiff monthly, as required by 820 ILCS 115/3.

20.     To the extent that Defendants claim that Plaintiff is not to be paid commissions after he resigned, that refusal is also in violation of the Illinois Wage Payment and Collections Act. 820 ILCS 115/4.

21.     In addition to the unpaid commissions which have been earned and remain due and owing to Plaintiff as alleged herein, Plaintiff is also entitled to recover from Defendants, corporately, and Defendants, THOMAS SLEVIN and RICHARD STEBBINS, each individually, who were, at all times relevant, officers, agents and directors of Defendant FIRST

FINANCIAL CORPORATE SERVICES, INC., who knowingly permitted Defendant FIRST FINANCIAL CORPORATE SERVICES, INC. to violate the provisions of the Act, such commissions and additional damages of 2% of the unpaid amount per month for each month during which the amounts remain unpaid, plus his attorneys' fees in connection with the prosecution of this suit, pursuant to the provisions of 820 ILCS 115/2 and 115/14(a).

22.      Alternatively, if Defendants are not "employers" pursuant to the Illinois Wage Payment and Collection Act, 815 ILCS 205/2, Plaintiff seeks alternative relief pursuant to California Cal. Labor Code Section 200, et seq.

WHEREFORE, Plaintiff MICHAEL ROSS demands judgment against Defendant FIRST FINANCIAL CORPORATE SERVICES, INC., and Defendants THOMAS SLEVIN and RICHARD STEBBINS, each personally, jointly and severally, in the amount of $343,933.69 plus interest until paid and his attorneys' fees and costs of suit as required by the Illinois Wage Payment and Collections Act.

Respectfully submitted,
MICHAEL ROSS, Plaintiff,

By: /s/Jerome F. Crotty
One of His Attorneys

Jerome F. Crotty, Esq.
Kevin P. Brown, Esq.
Bernard A. Henry, Esq.
Rieck and Crotty, P.C.
Attorneys for Plaintiff
55 West Monroe Street, Suite 3625
Chicago, Illinois 60603
(312) 726-4646